UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William E. Dennis,

    Plaintiff,

v.                                                                              Case No. 13-12754

Commissioner of Social Security,                    Sean F. Cox
                                                                 United States District Court Judge

    Defendant.

_____/

**ORDER ADOPTING
REPORT AND RECOMMENDATION**

    Plaintiff William E. Dennis ("Plaintiff") brought this action challenging the Commissioner's decision denying his claims for Disability Insurance Benefits ("DIB"). The matter was referred to Magistrate Judge Patricia T. Morris for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1) and Report and Recommendation pursuant to § 636(b)(1)(B) and (C).

    Thereafter, the parties filed cross-motions for summary judgment. In a forty-five page Report and Recommendation ("R&R") issued on July 28, 2014, Magistrate Judge Morris recommended that this Court: 1) Deny Plaintiff's Motion for Summary Judgment; and 2) Grant the Commissioner's Motion for Summary Judgment, affirming the findings and conclusions of the Commissioner.

    Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall

1

make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiff filed timely objections on August 11, 2014. (Docket Entry No. 16). The Commissioner filed a timely response to those objections on August 25, 2014. (Docket Entry No. 17).

Plaintiff asserts three different objections to Magistrate Judge Morris's R&R, which will be addressed, in turn, below.

First, Plaintiff states that the R&R "consumes some 21 pages restating the medical evidence of record ("MER") which is of brief length and difficult to respond to and stay within the page boundaries[1] imposed by the rules." (Objs at 1). Plaintiff contends that the magistrate judge "impermissibly analyzed the MER" "based on her own medical ideas of limitations and test results" and that she misconstrued the evidence "in order to continue her quest to sustain the ALJ's mistaken analysis." (Objs at 3-4).

The Court finds this first objection without merit. This Court concludes that the magistrate judge, in her R&R, included a careful and extensive review of the medical evidence. Magistrate Judge Morris noted that the Administrative Law Judge referenced and relied on numerous test results and reports that indicated that Plaintiff has the ability to perform a combination of walking, standing, and sitting for eight hours. This Court rejects Plaintiff's assertion that Magistrate Judge applied "her own medical ideas" or relied on uninformed medical

---

[1]To the extent that Plaintiff claims to have not had a sufficient opportunity to address her objections because of page limitations, the Court rejects that argument. The local rules allow briefs of twenty five (25) pages, yet Plaintiff's objections are only seven and a half pages in length.

evidence.

Second, Plaintiff contends that proper weight was not accorded "other sources" opinions. (Objs. at 4). That same argument was made before, and properly rejected by, Magistrate Judge Morris. As Magistrate Judge Morris explained in the R&R, "other sources" are generally given less weight than "acceptable" sources. (R&R at 34) (citing *Dunmore v. Colvin*, 940 F.Supp.2d 677, 685 (S.D. Ohio 2013)). In addition, an ALJ has considerable discretion in determining the appropriate weight to accord other source opinions based on all evidence in the record and an ALJ is under no obligation to explain each piece of evidence in the record. (R&R at 35) (citations omitted).

Third, Plaintiff asserts that not all of Plaintiff's severe impairments symptoms were considered by the magistrate judge. His objections focus on symptoms relating to cirrhosis of the liver. (Objs. at 6). As Plaintiff now acknowledges, the ALJ found that Plaintiff's severe impairments include a history of cirrhosis. Although it does not appear that he presented the argument to the magistrate judge, Plaintiff now argues that "[a]ccording to the National Institute of Health, two of the common symptoms of cirrhosis are fatigue and weakness." Plaintiff then asserts that the ALJ erred in not finding that Plaintiff had fatigue caused by the cirrhosis. Even if that argument had been presented to the magistrate judge, however, it would not have changed the result. As explained in the R&R, Plaintiff asserted that the ALJ neglected several different symptoms. But Plaintiff never explained "how his proposed analysis would have pushed him into the sedentary work level, thus triggering the guidelines." (R&R at 37). The Court finds this third objection without merit.

Accordingly, IT IS ORDERED that the Court hereby ADOPTS the July 28, 2014 R&R.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED, that Defendant's Motion for Summary Judgment is GRANTED, and that the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

S/Sean F. Cox<br>Sean F. Cox<br>United States District Judge

Dated: September 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 16, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager